[No. B098467. Second Dist., Div. Seven. Aug. 21, 1996.]

MARIE MUSTACHIO, Plaintiff and Respondent, v.
GREAT WESTERN BANK, Defendant and Appellant.

**COUNSEL**

Angel & Neistat and Alan Holmberg for Defendant and Appellant.

James G. Allen and Diane Pappas for Plaintiff and Respondent.

## OPINION

LILLIE, P. J.—Great Western Bank appeals from an order after judgment finding Marie Mustachio to be the prevailing party and awarding her $65,000 as reasonable attorney's fees.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

As a result of unauthorized access to Marie Mustachio's safe deposit box granted by Great Western Bank, she filed an action in superior court. Following a jury trial and by special verdicts, the jury found Great Western liable to her for conversion, breach of contract, negligence and negligent infliction of emotional distress. On August 23, 1993, Marie Mustachio was awarded damages of $348,770, which sum included damages of $180,270 as a result of the conversion, general and special damages for emotional distress in the amount of $18,500 and punitive damages in the amount of $150,000. The court, sitting without a jury, found that by way of Great Western's cross-complaint against cross-defendant Angelo Mustachio for express indemnity, Great Western was entitled to judgment against Angelo Mustachio in the sum of $198,770 plus costs and interest from the date of entry of judgment. Marie Mustachio was awarded costs in the sum of $81,490.69, including attorney's fees.

The judgment was subsequently modified to award Marie Mustachio prejudgment interest from the date of conversion on $30,000 cash but not on the value of jewelry and deutschmarks converted. Additionally, the court granted Great Western's motion for new trial on the amount of punitive damages, finding that the award was excessive and disproportionate to the bank's misconduct.

Following appeals to this court by all parties, we issued an opinion on March 27, 1995, in *Mustachio* v. *Great Western Bank* (B081162) (nonpub. opn.) wherein we held that based on insufficiency of the evidence, that portion of the judgment imposing liability for punitive damages on Great Western had to be stricken and that Marie Mustachio was entitled to an award of prejudgment interest on the market value of all of the converted property. While Marie Mustachio also sought to set aside the judgment of indemnity on the cross-complaint filed by Great Western against Angelo Mustachio, that claim was rejected as she was not a party to the indemnity action and Angelo Mustachio's cross-appeal had been dismissed pursuant to California Rules of Court, rule 10(c), for failure to file a notice designating the record on appeal. In our disposition we modified the judgment, striking the finding that Great Western was liable to Marie Mustachio for punitive

damages, striking that part of the judgment denying prejudgment interest on the value of jewelry and deutschmarks converted and remanded the matter for a determination of the amount of prejudgment interest. We reversed the order granting new trial and declared that the parties were to bear their own costs on appeal.

Following further proceedings in the trial court, the trial court determined that Marie Mustachio was to recover from Great Western the additional sum of $64,554.36 as and for prejudgment interest on the value of the jewelry and deutschmarks.

On July 28, 1995, Marie Mustachio filed a motion for attorney's fees and costs after appeal, asserting that while she had previously been awarded the sum of $75,000 for attorney's fees for the period ending June 23, 1993, and $6,490.69 for costs through May 27, 1993, the present motion was for the period subsequent thereto and sought attorney's fees in the amount of $90,261.50 and costs in the sum of $182.20. Mustachio asserted that since this court had provided that each party was to bear its own costs on appeal, she was not seeking an award to recover the more than $4,000 in costs she incurred as a result of the appeal.

On August 7, 1995, Great Western filed opposition to the motion for attorney's fees and costs after appeal claiming inter alia that the appellate court had already determined that each party was to bear its own costs on appeal, which included attorney's fees on appeal, that Great Western and not Mustachio had prevailed on appeal, and that the issues posttrial and on appeal were limited to tort issues for which attorney's fees were not recoverable.

On September 26, 1995, following submission of the matter, the trial court ruled that Marie Mustachio was the prevailing party and awarded her $65,000 as reasonable attorney's fees.

### DISCUSSION

Great Western's first contention that by ordering each party to bear its own costs on appeal, this court also determined that the parties should bear their own attorney's fees on appeal, is without merit. "Civil Code section 1717 validates the type of contractual provision involved here and requires the courts to award fees to the prevailing party in actions on contracts containing such clauses. . . . [I]t is well settled a party who prevails on appeal is not entitled under a section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who

wins the lawsuit but instead contemplates further proceedings in the trial court [citations]. . . . [¶] . . . [¶] . . . The provisions allowing costs on appeal (Code Civ. Proc., § 1034 and Cal. Rules of Court, rule 26), however, are entirely separate from the contractual provision for fees and do not depend on the party winning the appeal being the ultimate prevailing party. [This] contention is inconsistent with the well settled rule excluding attorney fees from the costs a party winning an appeal may recover under section 1034 (Cal. Rules of Court, rule 26; *Visini* v. *Visini* (1963) 212 Cal.App.2d 183, 190 . . . .)" (*Presley of Southern California* v. *Whelan* (1983) 146 Cal.App.3d 959, 961-962 [196 Cal.Rptr. 1]; see also *De La Cuesta* v. *Superior Court* (1984) 152 Cal.App.3d 945, 950 [200 Cal.Rptr. 1].)[1]

██ Great Western next contends that at a minimum, this court provided indication as to how fees should be awarded. The essence of this claim is really the same as the third contention, which is that the trial court abused its discretion by concluding that Mustachio was the prevailing party. We disagree.

Civil Code section 1717 defines the phrase "party prevailing on the contract" as the party who recovered a greater relief in the action on the contract. (*Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 865 [39 Cal.Rptr.2d 824, 891 P.2d 804].) ██ "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' [Citation.]" (*Id.* at p. 876.) ██ Here, upon final resolution, Mustachio was the party prevailing on the contract. While her claim for punitive damages was rejected on appeal, she was ultimately awarded damages in excess of $200,000 as a result of the breach of contract and conversion claims.

██ Additionally, the trial court did not abuse its discretion in awarding Mustachio the sum of $65,000 in attorney's fees following appeal. Mustachio filed a motion for attorney's fees and costs in excess of $90,400, which amount included in excess of $35,400 for matters other than the prior appeal

---

[1]Civil Code section 1717, subdivision (a), provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

and approximately $55,000 as attorney's fees incurred in connection with the appeal. The trial court well may have reduced Mustachio's award as a result of her only partial victory on appeal. ■ Absent a manifest abuse of discretion, the determination of the trial court will not be disturbed. An abuse of discretion is shown when it may be fairly said that the court exceeded the bounds of reason or contravened uncontradicted evidence. (*Nazemi* v. *Tseng* (1992) 5 Cal.App.4th 1633, 1642 [7 Cal.Rptr.2d 762].) We cannot say a manifest abuse of discretion has been shown.

■ We also reject Great Western's claim that the issues on appeal were not contract issues and therefore, attorney's fees should not have been awarded. Mustachio's claims were a result of Great Western's breach of the safe deposit box contract. Specifically, the cause of action for conversion against Great Western alleged as a basis the existence of the agreement by Great Western to keep, safeguard and protect Mustachio's valuables stored in the box and was an action on the contract within the meaning of Civil Code section 1717. (See *Perry* v. *Robertson* (1988) 201 Cal.App.3d 333, 343 [247 Cal.Rptr. 74].)[2]

### DISPOSITION

The order finding Marie Mustachio the prevailing party and awarding her $65,000 as reasonable attorney's fees is affirmed. The parties are to bear their own costs and attorney's fees, on this appeal.

Johnson, J., and Woods, J., concurred.

---

[2]While Great Western asserts it should not be barred from taxing fees and costs in this action because the document filed in the superior court was a document entitled opposition to motion for attorney's fees rather than a motion to strike or tax costs, there was no prejudice from any procedural departure by Great Western as the trial court conducted a hearing on the issue, and we decline to base our holding on such departure.