[No. A114667. First Dist., Div. One. Aug. 28, 2007.]

LILI BUTLER-RUPP et al., Plaintiffs and Respondents, v.
ROSEANNA LOURDEAUX et al., Defendants and Appellants.

920

**COUNSEL**

Grant, Genovese & Baratta and Lance D. Orloff for Defendants and Appellants.

Reed Smith, Joseph P. Mascovich, Jayne E. Fleming, David J. de Jesus; Randolph Cregger & Chalfant and Joseph P. Mascovich for Plaintiffs and Respondents.

OPINION

SWAGER, J.—Roseanna Lourdeaux and Wallace Lourdeaux (hereafter collectively referred to as appellants) appeal the trial court's award of attorney fees to Lili Butler-Rupp and Lili Butler Studio, Inc. (hereafter collectively referred to as respondents). The attorney fees at issue were awarded in connection with a prior appeal in which this court ordered the parties to bear their own costs. Appellants claim the lower court was without jurisdiction to award respondents their appellate attorney fees because this court did not make an award of costs. We disagree and affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This court previously addressed the merits of this case in *Butler-Rupp v. Lourdeaux* (2005) 134 Cal.App.4th 1220 [36 Cal.Rptr.3d 685]. The underlying case concerned a commercial landlord-tenant dispute that involved both tort and contract claims. We reversed a $500,000 damages award for negligent infliction of emotional distress, affirmed the contract-based award of $855,000, and reversed the trial court's order denying respondents their attorney fees incurred in connection with the trial. At the conclusion of the opinion, we stated: "The parties to the appeal are to bear their own costs on appeal." (*Id.* at p. 1231.)

Respondents subsequently filed motions in the trial court for attorney fees, including fees incurred in connection with the appeal.

On May 16, 2006, the trial court granted respondents' motions for attorney fees. The court awarded respondents $350,000 in trial court attorney fees and $200,000 in attorney fees for the prior appeal.[1] This appeal followed.

## DISCUSSION

Appellants claim that the trial court had no jurisdiction to award appellate attorney fees to respondents because this court did not award appellate costs to respondents in the prior appeal. They also claim that, with respect to the appeal, respondents were not the "prevailing party" within the meaning of the attorney fee provision of the lease. They do not challenge the award of trial court attorney fees.

---

[1] Respondents had requested $234,931.10 in fees for the appeal.

## I. *Standard of Review*

"On appeal this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law." (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677 [101 Cal.Rptr.2d 127].)

## II. *General Principles Regarding Entitlement to Attorney Fees and Costs*

■ "Whether a party to litigation is entitled to recover costs is governed by Code of Civil Procedure section 1032, which provides, in subdivision (b), that '[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.' " (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399].) These costs, however, do not include the attorney fees the prevailing party has incurred in the litigation unless (1) an agreement between the parties provides for the recovery of those fees, or (2) a statute creates a right of recovery. (Code Civ. Proc., § 1021; *Stephens v. Coldwell Banker Commercial Group, Inc.* (1988) 199 Cal.App.3d 1394, 1405 [245 Cal.Rptr. 606], overruled on other grounds in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 574, fn. 4 [88 Cal.Rptr.2d 19, 981 P.2d 944].)

■ When authorized by contract, the right to attorney fees is made reciprocal by Civil Code section 1717. Under this statute, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).) This provision has been interpreted to mean that when determining the prevailing party for purposes of contractual attorney fees, such as here, the determination is "to be made without reference to the success or failure of noncontract claims." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 873–874 [39 Cal.Rptr.2d 824, 891 P.2d 804].)

With respect to contractually based fee awards, a "party prevailing on the contract" is the party who recovers a greater net relief in that portion of the action based upon the contract. (Civ. Code, § 1717, subd. (b)(1); see *Hsu v. Abbara, supra*, 9 Cal.4th 863, 865.) Where a section 1717 fee award is made at the trial level, the prevailing party may, at the appropriate time, request fees attributable to a subsequent appeal. (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543]; *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637 [186 Cal.Rptr. 754, 652 P.2d 985].)

Prior to 1990, trial courts had the authority to award statutory attorney fees incurred on appeal, but could only award contractual attorney fees if the appellate court ordered it to do so. "The reason for the distinction between contractually authorized and statutorily authorized attorney fees was simple: Attorney fees authorized by statute were specifically listed as costs under Code of Civil Procedure sections 1021, 1032, 1033, and 1033.5. By contrast, contractual attorney fees were special damages and could be awarded only upon pleading and proof. Thus, they could not be taxed as costs." (*Harbour Landing-Dolfann, Ltd. v. Anderson* (1996) 48 Cal.App.4th 260, 264 [55 Cal.Rptr.2d 640].)

"In 1990 the Legislature eliminated the distinction by amending Code of Civil Procedure section 1033.5 to specifically provide that 'costs' include attorney fees authorized by 'contract,' 'statute,' or 'law.' [Citations.] The comment following that amendment states in pertinent part, 'The Legislature finds and declares that there is great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto is provided by contract to the prevailing party. It is the intent of the Legislature in enacting this act to confirm that these attorney's fees are costs . . . .' [Citation.]" (*Harbour Landing-Dolfann, Ltd. v. Anderson, supra*, 48 Cal.App.4th 260, 264.) Accordingly, "because contractually authorized attorney fees are now listed as costs under Code of Civil Procedure section 1033.5, . . . they may either be requested of the appellate court while the appeal is pending, or of the trial court upon issuance of the remittitur. The trial court has jurisdiction to award them, regardless of the lack of specific instructions in the opinion or the remittitur." (*Id.* at pp. 264–265.)

The court in *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145 [56 Cal.Rptr.2d 33] (*Mustachio*), established the rule that trial courts retain discretion to award attorney fees incurred on appeal to the eventual prevailing party without any order from the appellate court, even where the appellate court, in its remand order, orders the parties to bear their own appellate costs. As the court noted: " '[I]t is well settled a party who prevails on appeal is not entitled under a [Civil Code] section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court [citations]. . . . [¶] . . . [¶] . . . The provisions allowing costs on appeal [citations], however, are entirely separate from the contractual provision for fees and do not depend on the party winning the appeal being the ultimate prevailing party. . . .' [Citations.]" (*Id.* at pp. 1149–1150.)

III. *California Rules of Court, Former Rule 27(c)(2)*

California Rules of Court, former rule 27(c)(2) (now numbered rule 8.276(c)(2))[2] provided: "Unless the court orders otherwise, *an award of costs* neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 870.2." (Italics added.) Prior to 2003, this rule was numbered as rule 26 and read as follows: "Unless otherwise ordered by the reviewing court, (i) *an order or judgment regarding costs on appeal* neither includes attorney fees on appeal nor precludes any party from seeking fees on appeal; and (ii) the issue of entitlement to attorney fees on appeal shall be determined by motion made in the trial court under rule 870.2." (Former rule 26(a)(4), italics added.)

█ It is true that this language implies an appellate court may order an award of costs to a prevailing party that includes attorney fees on appeal. This does not mean, however, that the rule itself provides a substantive basis for an appellate court to award or to disallow attorney fees to the prevailing party. What the initial clause implies is that when a party claims the right to an award of attorney fees on appeal pursuant to a contract or a statute, the party may request that award from the appellate court in the first instance, and the appellate court may make that award. (See, e.g., *Harbour Landing-Dolfann, Ltd. v. Anderson, supra*, 48 Cal.App.4th 260, 264.) Even when that happens, however, the right to recover attorney fees does not arise from the rule; it arises from the applicable contract or statute. Accordingly, former rule 27(c)(2) does not provide a substantive basis for this court to award or deny attorney fees on appeal.

Appellants read much significance into the 2003 amendment to former rule 26. They contend respondents cannot recover the fees incurred in the prior appeal because our remittitur directed each party to bear its own costs on appeal. The argument proceeds that since no "award" of costs was made, attorney fees are not recoverable. Appellants claim that under former rule 27(c)(2), "a trial court on remand has jurisdiction to award appellate-attorney[']s fees *only* when the Court of Appeal makes an 'award of costs.' " (Italics added.) Although we did not "award" either party their costs, we do not believe our order bars an award of attorney fees under these circumstances.

Appellants claim that, in amending former rule 26, "the Judicial Council in 2003 enacted an appellate-cost court rule that codifies the Legislature's intent

---

[2] The attorney fee award was made prior to the renumbering of the current rules, which became effective January 1, 2007. The language in California Rules of Court, former rule 27(c)(2) is virtually identical to the current rule 8.276(c)(2). (All further unlabeled rule references are to the California Rules of Court.)

that appellate-attorney fees are items of appellate costs, awardable only when the appellate court awards appellate costs." They argue that the Judicial Council essentially nullified *Mustachio*'s holding that a trial court has jurisdiction to award appellate attorney fees even if an appellate court orders each party to bear its own costs. (*Mustachio, supra*, 48 Cal.App.4th 1145, 1149–1150.) Their claim centers on the "award of costs" language that appears in the amended rule. We do not believe that the 2003 amendment suggests that *Mustachio* no longer applies.

We have taken judicial notice of the Judicial Council report and report summary prepared in connection with the 2003 revision that resulted in former rule 27(c)(2). The report reflects that the rule was amended as a part of a comprehensive effort to revise appellate rules that had "become unduly complex, difficult to understand, or inconsistent with current law and practice." (Judicial Council of Cal., Admin. Off. of Cts., Advisory Com. Rep. on Appellate Rules (2002).) The report states further that "[t]he vast majority of the changes are stylistic only; but when necessary and appropriate, the revision also makes selected substantive changes for limited purposes, i.e., to resolve ambiguities; to fill unintended gaps in rule coverage; to conform older rules to current law, practice, and technology; and to otherwise improve the appellate process." (*Id.* at p. 2.) These substantive changes are identified and explained within the report. The modification resulting in former rule 27(c)(2) is not identified in the report as a substantive change.[3] Thus, we do not believe that the Judicial Council intended to supersede *Mustachio*.

█ Moreover, were we to find that the amendment mandates the result urged by appellants, we would likely be compelled to declare the rule invalid as having been enacted in excess of the Judicial Council's rulemaking jurisdiction. The Judicial Council is not empowered to enact rules of court that conflict with statutes. "Rules promulgated by the Judicial Council may not conflict with governing statutes. [Citation.] If a rule is inconsistent with a statute, the statute controls." (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532 [117 Cal.Rptr.2d 220, 41 P.3d 46].) █ Civil Code section 1717 and Code of Civil Procedure section 1032 make attorney fees recoverable to prevailing parties, irrespective of whether they prevail in an appeal that does not result in a final judgment. Former rule 27(c)(2), interpreted in the manner suggested by appellants, would conflict with these two statutes and would, to that extent, be invalid.

█ The critical point for our purposes is that former rule 27(c)(2) does not govern the determination of the prevailing party for purposes of awarding

---

[3] A substantive change was made to former rule 26(a)(3). The change was intended to relieve the appellate court from the need to specify entitlement to costs if the judgment was reversed in its entirety. (See Judicial Council of Cal., Admin. Off. of Cts., Advisory Com. Rep. on Appellate Rules, *supra*, at p. 3.)

fees, and a decision about the entitlement to costs on appeal is entirely separate from a decision about the entitlement to attorney fees on appeal. (*Mustachio, supra*, 48 Cal.App.4th 1145, 1150; *M. C. & D. Capital Corp. v. Gilmaker* (1988) 204 Cal.App.3d 671, 677 [251 Cal.Rptr. 178].) Instead, to collect appellate attorney fees, a party must demonstrate the right to do so under either a statute or a contract, independent of a costs statute. (See *Santisas v. Goodin, supra*, 17 Cal.4th 599, 606 [only when the party entitled to costs has a legal basis, independent of the cost statutes, may that party recover attorney fees]; accord, *Del Cerro Mobile Estates v. Proffer* (2001) 87 Cal.App.4th 943, 947 [105 Cal.Rptr.2d 5].) When that right is founded in contract and controlled by Civil Code section 1717, this statute's definition of "prevailing party" determines the entitlement to appellate fees. (*Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099, 1102–1103 [54 Cal.Rptr.2d 268].)

Furthermore, former rule 27(c)(2) did not state that attorney fees may be awarded only if the Court of Appeal decides to award costs. It simply stated that where costs are awarded, such an award does not include attorney fees and does not prevent a party from seeking them in the trial court unless the Court of Appeal specifically orders otherwise. Recoverable costs on appeal were specifically enumerated by former rule 27(c)(1).[4] Attorney fees are not included as recoverable costs under that rule. In sum, in arguing that an award of attorney fees on appeal is dependent on the appellate court's issuance of an award of costs, appellants read a limitation into the rule that finds no linguistic or historical support.

In the former appeal, in which respondents prevailed on the contract cause of action and appellants on a tort claim, we merely ordered that each party to the appeal bear its own costs. The language we used was the typical and traditional means of awarding costs when the judgment is affirmed in part and reversed in part. It did not preclude the trial court from awarding respondents reasonable attorney fees incurred in successfully defending their judgment on the contract cause of action.

---

[4] Former rule 27(c) defines recoverable costs as follows:

"(1) A party may recover only the following costs, if reasonable:

"(A) the amount the party paid for any portion of the record, whether an original or a copy or both. The cost to copy parts of a prior record under rule 10(b)(2) is not recoverable unless the Court of Appeal ordered the copying;

"(B) the cost to produce additional evidence on appeal;

"(C) the costs to notarize, serve, mail, and file the record, briefs, and other papers;

"(D) the cost to print and reproduce any brief, including any petition for rehearing or review, answer, or reply; and

"(E) the cost to procure a surety bond, including the premium and the cost to obtain a letter of credit as collateral, unless the trial court determines the bond was unnecessary." (See also its renumbered equivalent rule 8.276(c).)

■ In cases where Civil Code section 1717's definition of "prevailing party" applies, the identification of the party entitled to a fee award must be determined by the final result of the litigation, *i.e.,* after conclusion of the appeal if an appeal is taken. (*Hsu v. Abbara, supra,* 9 Cal.4th 863, 876 [the prevailing party determination is to be made only upon final resolution of the contract claims]; *Jackson v. Homeowners Assn. Monte Vista Estates-East* (2001) 93 Cal.App.4th 773, 780 [113 Cal.Rptr.2d 363] [there can be no prevailing party under § 1717 until the final disposition of the lawsuit]; *Liu v. Moore* (1999) 69 Cal.App.4th 745, 754–755 [81 Cal.Rptr.2d 807] [right to attorney fees for successful appeal is deferred until the final resolution of the merits]; *Snyder v. Marcus & Millichap, supra,* 46 Cal.App.4th 1099, 1103 [the determination of who is the prevailing party under § 1717 is directly tied to the final outcome of the case, and not limited to the results on appeal]; see *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961 [196 Cal.Rptr. 1] [§ 1717 fee award must wait until final resolution]; accord, *Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 894, fn. 9 [64 Cal.Rptr.2d 484] [arbitration agreement provision for attorney fees to party prevailing in arbitration].)

Thus, for example, if a litigant successfully obtains reversal on appeal of an unfavorable summary judgment on a contract cause of action, he or she cannot collect an award of attorney fees under Civil Code section 1717 until the case has been remanded, tried on the merits and reviewed on appeal, if an appeal is taken, because the party ultimately prevailing on the cause of action cannot be known with certainty until the case is at an end. If the successful appellant loses on the merits after trial, he or she will not be entitled to section 1717 attorney fees for the appeal because he or she ultimately was not the prevailing party with respect to the contract cause of action. The successful appellant, however, would have been entitled to costs on the appeal, pursuant to former rule 27, which costs would likely have been awarded by the appellate court in its disposition.

Appellants urge that such a result represents an "anomaly." They set forth a hypothetical scenario in which they prevail in this appeal and are awarded their costs, but respondents are awarded their attorney fees under former rule 27(c)(2) because they were the prevailing party at trial. Suffice it to say that such a scenario is not before us.

■ In sum, our prior opinion did not award attorney fees on appeal because none were requested. We did require each side to bear its own costs on appeal. This order, however, had no bearing on the entitlement to attorney fees.

*IV. Lease's Fee Clause*

The attorney fee provision of the lease provides, in part: "In the event that either party hereto shall commence any legal action or proceeding . . . against the other by reason of the alleged failure of the other to perform or keep any term, covenant or condition of this Lease, the party prevailing in said action or proceeding shall be entitled to recover, in addition to reasonable court costs, a reasonable attorney's fee to be fixed by the court, and such recovery shall include court costs and attorney's fees on appeal. *As used herein, 'the prevailing party' means the party who is entitled to recover costs of suit.*" (Italics added.)

Appellants argue that respondents were not the prevailing parties within the meaning of the contract with respect to the prior appeal because we did not award respondents their costs in the appeal. Appellants thus equate "costs of suit" with "costs on appeal."

Code of Civil Procedure section 1021 provides, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." We use traditional contract interpretation principles in assessing the extent of the parties' rights to recover attorney fees. (*Santisas v. Goodin, supra*, 17 Cal.4th 599, 608.)

■ "The Supreme Court has synthesized the applicable contract interpretation principles in the attorney fee clause context thusly: ' "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. [Citation.] Such intent is to be inferred, if possible, solely from the written provisions of the contract. [Citation.] The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation. [Citation.] Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning. [Citations.]" [Citation.]' " (*People ex rel. Dept. of Corporations v. Speedee Oil Change Systems, Inc.* (2007) 147 Cal.App.4th 424, 429–430 [54 Cal.Rptr.3d 225], quoting *Santisas v. Goodin, supra*, 17 Cal.4th 599, 608–609.)

We agree with respondents that it is unreasonable to equate the term "costs of suit" with "costs on appeal." The word "suit" refers to the entire action, not to a single proceeding within the lawsuit. We agree as well that the lease's language supports the interpretation that the prevailing party must be determined by looking at the action as a whole, not by viewing the trial proceedings and the appellate proceedings in isolation.

## *DISPOSITION*

Respondents request that we exercise our prerogative to award them their attorney fees in connection with this appeal, as well as to affirm the award of fees granted by the trial court in connection with the former appeal. We decline that request since that issue is best left for resolution in the trial court.

The trial court's order awarding attorney fees to respondents in connection with the prior appeal is affirmed. Respondents shall recover their costs on appeal.

Stein, Acting P. J., and Margulies, J., concurred.