[No. B205939. Second Dist., Div. Six. Aug. 13, 2009.]

CRAIG WOOD, Plaintiff and Appellant, v.
SANTA MONICA ESCROW COMPANY, Defendant and Respondent.

**COUNSEL**

Steinmeyer Roth and William Bruce Steinmeyer for Plaintiff and Appellant.

Nordman Cormany Hair & Compton and Meghan B. Clark for Defendant and Respondent.

## OPINION

**GILBERT, P. J.**—A party who prevails on appeal is not necessarily the prevailing party in an action.

Defendant prevailed in the underlying lawsuit when plaintiff dismissed with prejudice. Defendant moved for attorney fees pursuant to a fee provision in the contract between the parties. The trial court denied the motion and defendant appealed. We affirmed.

■ Plaintiff now seeks attorney fees because he prevailed on defendant's appeal of the denial of its motion for fees. We agree with the trial court that plaintiff is not entitled to fees. Defendant is the prevailing party in the lawsuit considered as a whole.

## FACTS AND PROCEDURAL HISTORY

Craig Wood is the personal representative of the Estate of Merle A. Peterson and trustee of the Peterson Family Trust. Wood filed a complaint alleging that Patrick McComb and Eddie Jamison participated in a scheme to deprive the elderly Peterson of her property by inducing her to obtain a loan secured by her residence. Peterson obtained a loan for $250,000, the proceeds of which were distributed to McComb. Santa Monica Escrow Company (Santa Monica) acted as escrow for the loan.

The complaint alleged three causes of action against Santa Monica: financial abuse of an elder adult, breach of fiduciary duty, and negligence. The second amended complaint added a cause of action for breach of contract. Almost two years after Wood filed the original complaint, he voluntarily dismissed the complaint against Santa Monica with prejudice.

Following dismissal, Santa Monica moved for an award of attorney fees in the amount of $24,773.75. The motion was based on a provision in the escrow instructions for an award of fees to the prevailing party in "any action or proceeding" between any of the parties to the escrow and the escrow holder. Santa Monica claimed it was not required to apportion fees between those causes of action for which fees may be awarded and those for which fees may not be awarded because all causes of action arose from the same transaction. The trial court denied the request in its entirety.

We affirmed in *Wood v. Santa Monica Escrow Company* (2007) 151 Cal.App.4th 1186 [60 Cal.Rptr.3d 597]. We held that Welfare and Institutions Code section 15657.5, subdivision (a) provides for an award of fees in elder abuse cases only to a prevailing plaintiff. There is no reciprocal fee provision for a prevailing defendant. Because all causes of action alleged against Santa Monica arose from the same transaction, an award of fees to Santa Monica under the escrow provision and Civil Code section 1717 would frustrate legislative policy.[1]

Wood then made the instant motion for an award of attorney fees against Santa Monica. The motion was based on the attorney fees provision in the escrow instructions. The trial court denied the motion, finding that overall Santa Monica was the prevailing party in the action.

## DISCUSSION

Wood contends the trial court erred in denying his motion for attorney fees expended on the appeal in *Wood v. Santa Monica Escrow Company, supra,* 151 Cal.App.4th 1186. Wood's theory is that the escrow instructions provide for an award of attorney fees to the prevailing party in any "action or proceeding" between the parties to the escrow. He claims that the appeal was a proceeding in which he was unequivocally the prevailing party. Santa Monica argues the trial and appeal are a single proceeding. Thus Santa Monica claims that because it obtained a dismissal of the action, the trial court has discretion to find it the overall prevailing party, in spite of Wood's success on the prior appeal of the award of attorney fees.

Both parties rely on *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959 [196 Cal.Rptr. 1] (*Presley*), and *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145 [56 Cal.Rptr.2d 33] (*Mustachio*).

In *Presley*, the plaintiff sued for breach of a contract containing an attorney fees clause. The defendant obtained summary judgment. The summary judgment was reversed, and the plaintiff requested an award of attorney fees expended on appeal. The trial court awarded the plaintiff fees while trial of the matter was still pending. In reversing, the Court of Appeal stated: "[T]here is no prevailing party. The winner in the action between Presley and Whelan is yet to be determined. The reversal of the summary judgment is

---

[1] All further statutory references are to the Civil Code unless otherwise stated.

merely an interim stage of the litigation, much the same as a denial of a summary judgment motion or an overruling of a demurrer in the trial court. For this reason it is well settled a party who prevails on appeal is not entitled under a section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court [citations]." (*Presley, supra*, 146 Cal.App.3d at p. 961.)

In *Presley*, contrary to Wood's argument, the appeal was not treated as a separate proceeding for which fees can be awarded to the prevailing party. Instead, the prevailing party must be determined by who prevails overall in the lawsuit.

In *Mustachio*, the plaintiff sued the defendant bank for conversion, breach of contract and negligence as a result of an unauthorized access to her safe deposit box. The safe deposit box contract contained an attorney fees clause. A jury awarded compensatory damages and punitive damages. The trial court also awarded the plaintiff prejudgment interest on some but not all of the converted property. On appeal, the court modified the judgment striking the punitive damages award and remanding for a determination of prejudgment interest on all the converted property. The court ordered each party to bear its own costs on appeal.

On remand, the trial court increased the award of pretrial interest. The trial court also awarded the plaintiff additional attorney fees. The defendant bank challenged the award of fees. It contended that by ordering each party to bear its own costs on appeal, the court determined the parties should bear their own attorney fees on appeal. In rejecting the contention, the court stated: " '. . . The provisions allowing costs on appeal (Code Civ. Proc., § 1034 and Cal. Rules of Court, rule 26 [now rule 8.278]), however, are entirely separate from the contractual provision for fees and do not depend on the party winning the appeal being the ultimate prevailing party. . . .' [Citations.]" (*Mustachio, supra*, 48 Cal.App.4th at p. 1150, quoting *Presley, supra*, 146 Cal.App.3d at p. 962.) The court affirmed the order awarding attorney fees.

In *Mustachio*, like *Presley*, the trial and appeal are treated as parts of a single proceeding. The party prevailing on appeal is not necessarily the prevailing party for the purposes of awarding contractual attorney fees.

Wood reads *Presley* and *Mustachio* to mean that an appeal is a continuance of a lower court proceeding only if further court proceedings are required to decide the lawsuit. *Presley* states: "[I]t is well settled a party who prevails on appeal is not entitled under a section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court. [Citations.]" (*Presley, supra,* 146 Cal.App.3d at p. 961.) *Mustachio* quotes *Presley* in reaching the same conclusion. (*Mustachio, supra,* 48 Cal.App.4th at p. 1150.)

Neither case states that an appeal is a continuance of a lower court proceeding *only* if further court proceedings are required. Nor does Wood cite any case that holds a party who prevails on appeal is, solely by virtue of having prevailed on appeal, entitled to a contractual fee award if no further proceedings are required.

Here, as in *Presley* and *Mustachio,* Wood's success on Santa Monica's appeal of the denial of attorney fees "[did] not decide who wins the lawsuit . . . [citations]." (*Presley, supra,* 146 Cal.App.3d at p. 961; see *Mustachio, supra,* 48 Cal.App.4th at pp. 1149–1150.) Instead, Santa Monica was the prevailing party because Wood dismissed his lawsuit against Santa Monica with prejudice.

■ Wood argues California Rules of Court, rule 8.278(a)(2) defines the prevailing party on appeal as "the respondent if the Court of Appeal affirms the judgment without modification . . . ." Wood concludes he is the prevailing party as a matter of law. But rule 8.278 concerns the award of costs on appeal. Wood's argument is precisely the same argument rejected in *Mustachio.* There, the court held that an award of costs on appeal does not determine, or even indicate, who is the prevailing party in the lawsuit for the purpose of awarding fees. (*Mustachio, supra,* 48 Cal.App.4th at p. 1150.)

Wood argues section 1717 mandates a fee award.[2] He posits that the section requires mutuality of remedy for attorney fees claims under contractual fee provisions. He claims he is entitled to an award of fees because Santa Monica would have been entitled to fees had it prevailed on the appeal. But we held in *Wood* that Santa Monica was not entitled to fees under section 1717 as a matter of law. It would be absurd to conclude that, although Santa Monica is not entitled to fees under section 1717, the reciprocity provision of the same section requires an award to Wood.

---

[2] Section 1717, subdivision (a) provides in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

■ Moreover, *Presley* and *Mustachio* make it clear that section 1717 does not support an award to the prevailing party on appeal, but only to the prevailing party in the lawsuit. (*Presley, supra,* 146 Cal.App.3d at p. 961; *Mustachio, supra,* 48 Cal.App.4th at pp. 1149–1150.)

The judgment (order) is affirmed. Costs on appeal are awarded to respondent.

Yegan, J., and Coffee, J., concurred.