Filed 8/28/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KAREN DE LA CARRIERE, | B285793 |
| Plaintiff, Cross-Defendant and Respondent, | (Los Angeles County Super. Ct. No. BC493393) |
| v. | |
| WILLIAM N. GREENE et al., | |
| Defendants, Cross-Complainants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael Johnson, Judge.  Reversed.

Berokim & Duel, Kousha Berokim for Defendants, Cross-Complainants, and Appellants.

Wright Kim Douglas, J. Andrew Douglas and Max Yueh for Plaintiff, Cross-Defendant, and Respondent.

_____

Appellants William Greene, California Consulting Group (CCG), and R & R Trust[1] obtained a judgment in their favor and against respondent Karen de la Carriere (Carriere). The trial court declared Greene the prevailing party and awarded him attorney fees pursuant to a contractual attorney fees provision. Greene nonetheless appealed, contending the trial court erred in calculating his damages. After we questioned whether Greene waived his right to appeal by accepting payment on the judgment and executing an acknowledgment of satisfaction of judgment, Greene voluntarily dismissed his appeal. Carriere then moved for an award of attorney fees incurred on appeal, which the trial court granted. In this appeal, Greene contends the trial court erred in awarding Carriere her attorney fees given he is the prevailing party in the action. We agree and reverse the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Greene and Carriere were close friends for many years. In 1997, Greene agreed to loan Carriere $175,000 to help her purchase a home. As part of the agreement, Carriere executed a promissory note (Note) and deed of trust (Trust Deed), which named Greene's retirement trust—R & R Trust—as beneficiary, and his consulting business—CCG—as trustee. The interest rate on the loan was 14.5 percent, and the loan came due in 2008.

In 2012, the parties' relationship soured, and Greene demanded payment on the loan. By that time, Carriere had made only a few payments, all of which went to interest. Greene threatened to foreclose Carriere's property if she did not pay the full amount due.

---

[1] For the sake of simplicity, we refer to the appellants interchangeably as "Greene."

On October 5, 2012, Carriere filed a complaint against Greene, seeking to void the Note and Trust Deed. Greene, in turn, filed a cross-complaint against Carriere, asserting a claim for breach of the Note.

The trial court conducted a four-day bench trial in April 2015, after which it found Carriere's claims meritless and entered judgment of dismissal against her. On Greene's cross-complaint, the court found Carriere breached the Note, but agreed with her that the interest rate was usurious. After subtracting the usurious interest payments from the outstanding principal, the court entered judgment against Carriere and in favor of Greene for $150,329.21.

The court additionally awarded Greene $123,975 in attorney fees pursuant to a provision in the Note stating "[i]f any action is instituted on this note, the undersigned promise(s) to pay such sum as the Court may fix as attorney's fees." The court explained the basis for its decision: "Carriere commenced this action with a complaint that asserted incendiary claims such as forgery, self-dealing and breach of professional responsibilities. The Defendants have defeated those claims, and CCG has recovered affirmative relief on its cross-complaint. Under these circumstances, the Court rules that Greene, R & R Trust and CCG are the prevailing parties within the meaning of [Civil Code] §1717(b)(1)."

Carriere and Greene filed cross notices of appeal. (Case No. B267781.) In his opening brief on appeal, Greene argued the trial court erred in subtracting interest payments from the principal owed under the Note.

3

While the appeals were pending, Carriere paid Greene the full amount owed under the judgment and as attorney fees. Greene, in turn, executed an acknowledgement of full satisfaction of judgment (acknowledgment of satisfaction), which Carriere filed in the trial court. According to Carriere, Greene also agreed to reconvey the Trust Deed and return the Note and Trust Deed, but failed to do so. As a result, Carriere filed in the trial court a motion to expunge lis pendens and compel reconveyance of encumbrances, which the court apparently denied for lack of jurisdiction while the appeal was pending.

Around the same time, Carriere filed a motion in this court to dismiss Greene's appeal as moot. We issued an order to show cause (OSC) inviting Greene to address why the appeal should not be dismissed. We noted the general rule that a party cannot accept the benefits of a judgment while challenging it on appeal, but noted there are exceptions to this rule. Rather than respond to the OSC, Greene requested dismissal of his appeal, which we granted. The remittitur noted that Carriere "shall recover costs on appeal." The next day, Carriere requested dismissal of her cross-appeal.

Carriere then filed in the trial court a motion for attorney fees incurred in Greene's appeal and her post-trial motion to expunge lis pendens and compel reconveyance of encumbrances. She made the request pursuant to Civil Code section 1717 and the attorney fees provision in the Note. Carriere alternatively requested the court sanction Greene pursuant to Code of Civil Procedure section 128.5, for pursuing a frivolous appeal.

Greene opposed the motion, arguing the trial court had already determined he was the prevailing party in the lawsuit. He also argued that Carriere was not the prevailing party on

4

appeal given he had voluntarily dismissed his appeal.

The trial court awarded Carriere $67,238 in attorney fees, explaining: "[A]ppeal and post-judgment are separate phases of the proceedings. [California Rules of Court, rule 8.278] designates the standards for determining the prevailing party for recovering costs on appeal, and the Court of Appeal's remittitur specifically designated de la Carriere as the prevailing party entitled to costs on appeal. Based on this court's review of the post-trial proceedings related to the lis pendens, de la Carriere was the prevailing party for those procedures as well. [Citation.] As the prevailing party, de la Carriere is entitled to recover fees under Civ. Code § 1717."

Greene timely appealed.

## DISCUSSION

## I. Carriere is Not Entitled to Attorney Fees under Civil Code section 1717

Greene contends the trial court erred in awarding Carriere attorney fees given he is the prevailing party in the action. We agree.

A prevailing party is entitled to recover costs in any action or proceeding, "[e]xcept as otherwise expressly provided by statute." (Code Civ. Proc., § 1032, subd. (b).) "These costs, however, do not include the attorney fees the prevailing party has incurred in the litigation unless (1) an agreement between the parties provides for the recovery of those fees, or (2) a statute creates a right of recovery." (*Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 923; see Code Civ. Proc., §§ 1021, 1033.5, subd. (a).) "On appeal this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of

5

law."  (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.)

Here, Carriere sought attorney fees pursuant to the terms of the Note and Civil Code section 1717, which provides generally that, "in any action on a contract" with an attorney fees provision, the party "prevailing on the contract" shall be entitled to reasonable attorney fees in addition to other costs.  (Civ. Code, § 1717, subd. (a).)  Civil Code section 1717, subdivision (b)(1), clarifies that "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract."  "[U]nder Civil Code section 1717, there may only be one prevailing party entitled to attorney fees on a given contract in a given lawsuit."  (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 520 (*Frog Creek*); see *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 977 ["fees under section 1717 are awarded to the party who prevailed on the contract overall"]; *Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 831 (*Roberts*) ["section 1717 contemplates that only one side in a lawsuit can be the prevailing party"].)

An "action on a contract," as used in Civil Code section 1717, refers to "the whole of a lawsuit rather than to discrete proceedings within a lawsuit."  (*Frog Creek, supra*, 206 Cal.App.4th at p. 527, fn. 6; see *Roberts, supra*, 217 Cal.App.4th at p. 832 ["[p]rocedural steps taken during pending litigation are not an 'action' within the meaning of section 1717"].)  The trial and appeal, therefore, are considered part of the same action for purposes of determining contractual attorney fees.  (*Wood v. Santa Monica Escrow Co.* (2009) 176 Cal.App.4th 802, 806 (*Wood*).)

6

In *Wood, supra*, 176 Cal.App.4th 802, the plaintiff dismissed his complaint with prejudice and the defendant moved for attorney fees. The trial court denied the motion, which was affirmed on appeal. The plaintiff then moved for an award of attorney fees incurred on appeal, pursuant to a contractual provision allowing attorney fees to the prevailing party in any "action or proceeding." The trial court denied the motion.

In affirming the trial court's order, the Court of Appeal rejected the plaintiff's argument that his success on appeal entitled him to attorney fees, regardless of the outcome of the underlying lawsuit. (See *Wood*, *supra*, 176 Cal.App.4th at p. 805.) The court explained that "section 1717 does not support an award to the prevailing party on appeal, but only to the prevailing party in the lawsuit." (*Wood,* at p. 808.) The defendant was unquestionably the prevailing party in the lawsuit given the complaint was dismissed. (*Id*. at p. 807.) Because the plaintiff's success on appeal did not change that fact, the court held he was not entitled to an award of attorney fees. (*Ibid*.)

The same is true here. The trial court determined that Greene was the prevailing party in the lawsuit after finding he defeated Carriere's claims and obtained affirmative relief on the cross-complaint. Carriere's subsequent success on appeal and her post-judgment motion did not affect that determination. Indeed, both before and after appeal, Greene received a net judgment of $150,329.21. Consequently, he recovered the "greater amount on the action on the contract" and remains the prevailing party for purposes of Civil Code section 1717. As such, he is the only party entitled to attorney fees under the Note. The trial court erred in finding otherwise.

Contrary to Carriere's suggestions, the fact that we awarded her costs in connection with the prior appeal does not conclusively establish her entitlement to attorney fees. California Rules of Court, rule 8.278(d)(2), provides that "[u]nless the court [of appeal] orders otherwise, an award of costs [on appeal] neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." We did not "order otherwise." Consequently, our cost award did not determine, or even indicate, who was the prevailing party for the purpose of awarding attorney fees. (See *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1150 [provisions allowing costs on appeal are entirely separate from the contractual provision for fees]; *Wood, supra,* 176 Cal.App.4th at p. 807 ["an award of costs on appeal does not determine, or even indicate, who is the prevailing party in the lawsuit for the purpose of awarding fees"].)

Nor are we persuaded by Carriere's contention that, because Greene executed an acknowledgement of satisfaction, the underlying action was "fully resolved" and the appeal constituted a "separate matter, standing on its own merits" for purposes of awarding attorney fees. Initially, Carriere cites no authority— nor have we found any in our independent research—to support her assertion that an appeal constitutes a new matter separate from the underlying lawsuit upon execution of an acknowledgement of satisfaction. Moreover, the underlying action was not "fully resolved" when Greene executed the acknowledgment of satisfaction, as Carriere claims. Even assuming Greene's appeal was barred at that point, Carriere's cross-appeal remained pending, which could have resulted in reversal of the judgment.

8

Even if we accepted Carriere's contention that the appeal constituted a separate "action," she still would not be entitled to attorney fees. Civil Code section 1717, subdivision (b)(2), provides there "shall be no prevailing party" for purposes of contractual attorney fees where "an action has been voluntarily dismissed . . . ." Here, Greene voluntarily dismissed his appeal.[2]

Equally meritless is Carriere's suggestion that, absent an award of attorney fees under Civil Code section 1717, a party could "indefinitely drag the other . . . through multiple frivolous appeals without recourse." Code of Civil Procedure section 907 provides that a reviewing court may "add to the costs on appeal such damages as may be just" when it appears an "appeal was frivolous or taken solely for delay." Similarly, California Rules of Court, rule 8.276, permits a court of appeal to impose sanctions on a party or attorney for "[t]aking a frivolous appeal or appealing solely to cause delay." (Cal. Rules of Court, rule 8.276(a)(1).) There was nothing to prevent Carriere from seeking such sanctions in this court.

---

[2] Relying on *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253 (*Cravens*), Carriere contends the dismissal was not voluntary because it was made after we issued an order to show cause. Such reliance is misplaced. *Cravens* stands for the proposition that a trial court need not accept a plaintiff's last-minute request for dismissal where entry of summary judgment against the plaintiff is imminent. (*Id*. at p. 257.) Here, we accepted Greene's request for dismissal. *Cravens*, therefore, is inapposite.

9

## II. Carriere is Not Entitled to Attorney Fees under Code of Civil Procedure Section 128.5

In her respondent's brief, Carriere asserts that, even if she is not entitled to attorney fees under Civil Code section 1717, "this Court could award fees under Code of Civil Procedure section 128.5." Section 128.5 provides that a "trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 128.5, subd. (a).) Carriere contends that such sanctions are warranted against Greene for pursuing a frivolous appeal. We disagree.

Initially, it is not clear whether Carriere is urging us to affirm the trial court's order under Code of Civil Procedure section 128.5 (section 128.5), or if she is asking us to impose such sanctions in the first instance. If the latter, we reject her request; section 128.5 expressly vests the sanctioning power in the trial court. (Code Civ. Proc., § 128.5, subd. (a).)

We would also decline any invitation to affirm the trial court's order under section 128.5. Because the trial court awarded Carriere attorney fees under Civil Code section 1717, it did not consider imposing sanctions under section 128.5. The trial court has broad discretion under section 128.5 (see *Olson Partnership v. Gaylord Plating Lab, Inc.* (1990) 226 Cal.App.3d 235, 240), and we do not presume to know how it would have exercised that discretion if called upon to do so. The standards under the two statutes are distinct, so the fact that the court awarded fees under Civil Code section 1717 does not establish that it would have imposed sanctions under section 128.5.

10

Although we would typically end our analysis there, in order to foreclose more wasteful litigation, we further note that Carriere failed to show that sanctions are warranted. Section 128.5 does not explicitly permit the trial court to impose sanctions against a party for pursuing a frivolous appeal, and Carriere has not provided any authority suggesting it does so implicitly. In contrast, as we discussed above, Code of Civil Procedure section 907 and California Rules of Court, rule 8.276(a)(1), expressly provide such sanctioning power to the reviewing court. It would make sense that the Legislature intended to vest such authority exclusively in reviewing courts, given they are in the best position to determine whether an appeal is frivolous.

Even if the trial court had such authority, Carriere failed to show that Greene's appeal was frivolous. An action or tactic is frivolous for purposes of section 128.5 if it is "totally and completely without merit or for the sole purpose of harassing an opposing party." (Code Civ. Proc., § 128.5, subd. (b)(2).) Carriere asserts that Greene's appeal was frivolous because it was moot once he accepted full payment on the judgment and executed the acknowledgment of satisfaction. However, in *Heacock v. Ivorette-Texas, Inc.* (1993) 20 Cal.App.4th 1665—a case Carriere should be familiar with given we cited it in our OSC—the court held a plaintiff's appeal was not barred even though she collected the full amount of the judgment and filed an acknowledgement of satisfaction. (*Id.* at pp. 1670–1672.) Regardless of how we would have ultimately ruled on Carriere's motion to dismiss, given such authority, we cannot say Greene's appeal was "totally and completely without merit or for the sole purpose of harassing an opposing party." Sanctions, therefore, would not have been

11

warranted under section 128.5.

## DISPOSITION

The order awarding attorney fees is reversed.  Appellants are awarded costs on appeal.

**CERTIFIED FOR PUBLICATION**


BIGELOW, P. J.

We Concur:


GRIMES, J.


STRATTON, J.