Filed 11/22/24  Applied Medical Distribution Corp. v. Jarrells CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| APPLIED MEDICAL DISTRIBUTION CORPORATION, Plaintiff and Appellant, v. STEPHEN JARRELLS, Defendant and Respondent. | G062699 (Super. Ct. No. 30-2019-01049441) O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Strickroth, Judge. Reversed.

Jones Day, Nathaniel P. Garrett, Steven M. Zadravecz, Koree B. Wooley and David A. Phillips for Plaintiff and Appellant.

Forward Counsel, Michael E. Caspino and Michael W. Weiler for Defendant and Respondent.

Where a contract provides that one party may recover attorney fees only if it obtains *injunctive* relief to enforce the contract's provisions, Civil Code section 1717 does not authorize the other party to the contract to recover attorney fees it incurred to successfully defend a claim against it for *damages* under the same contract. In this case, the trial court erred by concluding to the contrary. We therefore reverse.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying this appeal are set forth fully in this court's prior opinion, *Applied Medical Distribution Corp. v. Jarrells* (2024) 100 Cal.App.5th 556. We discuss here only those facts relevant to the issues presented by this appeal.

Jarrells was employed by Applied Medical Distribution Corporation (Applied) from January 2011 through January 2019. Jarrells signed a proprietary information agreement (the Agreement) at the time he was hired by Applied. The Agreement contains provisions regarding the confidentiality of company property, conflicting employment, and returning company property after the termination of employment.

The Agreement permits Applied to seek and obtain equitable relief against Jarrells for breach of the Agreement's covenants: "I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth . . . herein. Accordingly, I agree that if I breach any of such Sections, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of such provision of this agreement. I further agree that no bond or other security shall be required in obtaining such equitable relief and I hereby consent to the issuance of such

2

injunction and to the ordering of specific performance. I further agree that *if any such equitable relief is granted, I shall be obligated to reimburse the company for the reasonable attorneys fees, costs and expenses incurred in obtaining such relief.*" (Italics added.)

Before he resigned from Applied, Jarrells made copies of Applied's trade secrets and other confidential information and provided that material to his new employer, Bruin Biometrics, LLC (Bruin). Applied sued Jarrells for misappropriation of trade secrets, breach of contract, and breach of fiduciary duty. Applied also sued Bruin for misappropriation and intentional interference with contractual relations. Applied and Jarrells stipulated to a preliminary injunction regarding Jarrells's return of Applied's business information.

After a trial, a jury found (1) Jarrells and Bruin had misappropriated Applied's trade secrets, but their actions did not either damage Applied or unjustly enrich Jarrells or Bruin; (2) Jarrells breached the Agreement, but Applied suffered no damages as a result of that breach; (3) Jarrells did not breach a fiduciary duty; and (4) Bruin did not interfere with any contract between Applied and Jarrells. The jury awarded Applied no damages on any of its claims. The trial court, however, issued a permanent injunction against Jarrells and Bruin based on California's Uniform Trade Secrets Act (Civ. Code, § 3426 et seq.) and the Agreement.

The trial court granted Applied's motion for attorney fees pursuant to the Agreement's provision regarding recovery of fees, costs, and expenses incurred in seeking injunctive relief to enforce the Agreement's

3

covenants.[1] On appeal, this court affirmed that order in part, reversed it in part, and remanded for further proceedings. (*Applied Medical Distribution Corp. v. Jarrells, supra*, 100 Cal.App.5th 556.)[2]

Before this court's opinion in the first appeal was issued, Jarrells filed his own motion for attorney fees in the trial court, seeking fees on the ground he was the prevailing party on the breach of contract cause of action.[3] The trial court granted the motion and awarded Jarrells $533,086.19 in attorney fees and costs. Applied filed a timely notice of appeal from that order.

## DISCUSSION

We review the trial court's determination of the legal basis for an award of attorney fees de novo. (*De La Carriere v. Greene* (2019) 39 Cal.App.5th 270, 275.) We review the reasonableness of an award of attorney fees for abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.) To the extent our review requires us to interpret the language of the Agreement, and no extrinsic evidence is offered, our review is de novo. (*Gilkyson v. Disney Enterprises, Inc.* (2021) 66 Cal.App.5th 900, 915.)

Attorney fees generally are not recoverable unless they are provided for by statute or the parties have entered into an agreement

---

[1] Applied requested $3,348,877.95 in attorney fees and $562,222.30 in costs for a total of $3,911,100.25. The trial court awarded Applied $513,962.78 in attorney fees and $39,942.78 in costs, for a total of $553,905.56.

[2] That opinion addressed several other issues that are not relevant to this appeal.

[3] Jarrells's motion sought attorney fees in the total amount of $557,258.

regarding the allocation of attorney fees. (Code Civ. Proc., § 1021; *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

The Agreement included a limited provision regarding attorney fees. It permitted Applied to recover attorney fees and expenses it incurred only in obtaining "equitable relief"—specifically, an "injunction from a court of competent jurisdiction restraining [a] breach or threatened breach" of the Agreement's covenants or an order of "specific performance." In his motion for attorney fees, Jarrells argued the Agreement's contractual provision regarding recovery of attorney fees must be made mutual pursuant to Civil Code section 1717.[4] The trial court agreed, concluding: "Based on the foregoing, the court finds [Jarrells] is the prevailing party as to all claims not related to injunctive relief. [Applied] was found to be the prevailing party on the misappropriation of trade secrets claim and awarded fees based on the contractual language which allowed for fees if [Applied] obtained injunctive relief. [Jarrells] is therefore not entitled to fees for this portion of [Applied]'s claims but is entitled to his fees for the remaining portion of [Applied]'s claims based on contract."

The right to recover attorney fees based on Civil Code section 1717 depends on the specific language of the contractual provision. (*Gil v. Mansano* (2004) 121 Cal.App.4th 739, 742–743; *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 708.) The statute's use of the phrase

---

[4] "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).)

"'specifically provides'" permits the parties to a contract "to set forth with specificity the circumstances in which attorney fees are recoverable, provided any such specific contractual provisions do not otherwise conflict with the requirements of [Civil Code] section 1717." (*Leamon v. Krajkiewcz* (2003) 107 Cal.App.4th 424, 436.) To ensure mutuality, "it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, [Civil Code] section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 611.)

The attorney fee provision here is clear and limited: the right to obtain attorney fees extends only to claims for equitable relief, not to claims for damages. Had Applied prevailed on its contract claim for damages, it would not have been entitled to recover attorney fees from Jarrells based on the Agreement. The trial court's ruling on Applied's motion for attorney fees makes this clear: "The court's determination here is to deny apportionment and permit plaintiff's attorney fees as to the time spent on obtaining the injunctive relief only. Had plaintiff not made, and the court had not granted, the post-trial permanent injunction, plaintiff wouldn't be entitled to any fees at all."

Similarly, had Applied failed in its request for injunctive relief, Jarrells would have been entitled to seek the attorney fees he incurred in resisting that claim pursuant to the reciprocal provisions of Civil Code section 1717. But Applied did not fail in that attempt; it succeeded in obtaining preliminary and permanent injunctive relief against Jarrells.

To claim a right to attorney fees under Civil Code section 1717, Jarrells was required to show, among other things, that Applied would have been entitled to recover its attorney fees had it prevailed on the breach of contract claim. (*Santisas v. Goodin, supra,* 17 Cal.4th at pp. 610–611.) As shown above, however, merely prevailing on the contract claim would not have entitled Applied to recover attorney fees under the Agreement.

Applied makes additional arguments in its appellate briefs that we need not address in light of our conclusion above.

## DISPOSITION

The postjudgment order is reversed. Appellant to recover costs on appeal.

GOODING, J.

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.

7