Filed 4/7/21  Ghannoum v. Sevier CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SAMIR GHANNOUM et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>JULIA K. SEVIER,<br><br>Defendant and Respondent. | B304026<br><br>(Los Angeles County<br>Super. Ct. No. EC064044) |

APPEAL from an order of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed.

Law Office of Zulu Ali & Associates and Donovan Fleming for Plaintiffs and Appellants.

Anthony A. Sears for Defendant and Respondent.

Plaintiffs and appellants Samir Ghannoum (Samir) and Mohamed Ghannoum (Mohamed)[1] (collectively, plaintiffs) appeal from a post-judgment order awarding defendant and respondent Julia K. Sevier (defendant) $93,913.85 in attorney fees following a jury trial and entry of judgment in defendant's favor on all of plaintiffs' causes of action. We affirm the attorney fees order.

## BACKGROUND

On March 9, 2012, defendant and Mohamed signed a residential lease agreement (the lease) for a room in a house owned by plaintiffs. Paragraph 37 of the lease contained a mediation provision, under which the parties agreed to "mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. . . . If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action." Paragraph 38 of the lease provided that, subject to paragraph 37, the prevailing party in any action "shall be entitled to reasonable attorney fees and costs."

Pursuant to the lease mediation provisions, plaintiffs sent a written demand for mediation to defendant on April 2, 2015. Plaintiffs' demand was sent by mail to an address in Virginia and stated that plaintiffs would file an action for conversion and trespass to chattels if defendant refused to mediate or failed to

---

[1]     Because appellants share the same surname, we refer to them individually by their first names to avoid confusion.

respond within seven days. Defendant, through her attorney, responded in a letter dated April 14, 2015 stating that she was agreeable to mediation.

However, plaintiffs did not proceed with mediation but filed this action against defendant for conversion and trespass to chattels on May 7, 2015. Plaintiffs alleged in their complaint that they rented a room to defendant on March 9, 2012, and evicted her in May 2013. Plaintiffs further alleged that when defendant moved out of the premises, she removed and damaged $39,300 worth of plaintiffs' property.

After a two-day trial, the jury returned a verdict in defendant's favor on all causes of action. Defendant filed a motion for attorney fees as the prevailing party, seeking fees in the amount of $116,527.10.

In opposition to the motion, plaintiffs argued that defendant had not complied with their mediation demand and that she was therefore not entitled to recover attorney fees. Plaintiffs further argued that the amount of fees claimed was unreasonable.

Defendant's motion for attorney fees was heard on November 15, 2019. At the conclusion of the hearing, the trial court issued a written ruling awarding defendant $93,913.85 in attorney fees. The record on appeal contains no reporter's transcript of that hearing.

Plaintiffs filed a motion for reconsideration on November 25, 2019, arguing, for the first time, that because Samir was not a signatory to the lease, she should not be liable for any portion of the attorney fees. Defendant's opposition to the motion included a copy of the deed to the rental premises,

3

showing that at the time of the lease, plaintiffs owned the property as "husband and wife as joint tenants."

Plaintiffs' motion for reconsideration was heard and denied on January 3, 2020. The record contains no reporter's transcript of the hearing. The trial court's written ruling states that because plaintiffs failed to comply with the affidavit requirements of Code of Civil Procedure section 1008, and failed to explain why the issue for reconsideration was not raised during the previous motion for attorney fees, the court lacked jurisdiction to consider plaintiffs' motion.

This appeal followed.

## DISCUSSION

Plaintiffs contend the attorney fees order should be reversed as to Samir because she was not a signatory to the lease. Plaintiffs further contend the attorney fees award was improper because the causes of action on which defendant prevailed -- conversion and trespass to chattel—did not arise under the lease.

## I. Fees against nonsignatory

Plaintiffs failed to argue in their opposition to defendant's motion for attorney fees that a fee award was improper against Samir, a nonsignatory to the lease. Their failure to do so forfeited the claim on appeal. "Failure to raise specific challenges in the trial court forfeits the claim on appeal. ""[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' Thus, 'we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal

4

which were not litigated in the trial court are waived. [Citations.]'" [Citation.]'" (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*).)

Plaintiffs' unsuccessful attempt to raise the nonsignatory argument in their motion for reconsideration did not avert the forfeiture. The trial court found that because plaintiffs failed to comply with the affidavit requirements of Code of Civil Procedure section 1008, subdivision (a), and failed to indicate to the trial court the reasons the nonsignatory argument was not raised during the previous, fully briefed, attorney fees motion, the trial court lacked jurisdiction to consider the motion for reconsideration. The nonsignatory issue was not litigated in the trial court. It was accordingly forfeited on appeal. (*Premier Medical, supra,* 163 Cal.App.4th at p. 564.)

## II.  Causes of action arising under the lease

Plaintiffs argue for the first time in this appeal that the conversion and trespass to chattel causes of action on which defendant prevailed were not claims "arising out of" the lease within the meaning of the lease's attorney fees provision. Their failure to raise this argument in the trial court below forfeits the issue on appeal. (*Premier Medical, supra,* 163 Cal.App.4th at p. 564.)

Even absent such forfeiture, the argument is not well taken. Contractual attorney fees may be recovered on a claim for conversion based on a contract. (*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1151.) The allegations in plaintiffs' complaint indicate that their claims for conversion and trespass to chattel are based on the lease. Plaintiffs alleged the

existence of a lease between them and defendant, that they evicted defendant from the premises, and that defendant removed and damaged plaintiffs' property when vacating the premises. The lease states that defendant was obligated upon vacating the premises to return the premises, including any furniture, furnishings, appliances, landscaping, and fixtures therein, in the same condition as at commencement of the lease term. The lease further states that breach of these obligations shall constitute breach of the lease. Plaintiffs' prayer for relief in their complaint included a request for attorney fees. The causes of action on which defendant prevailed were claims arising under the lease. Defendant accordingly was entitled to recover her attorney fees as the prevailing party on those claims.

## III.  Other arguments

We do not address arguments plaintiffs raise for the first time in their reply brief – (1) defendant's failure to timely respond to plaintiffs' demand for mediation waived her claim for attorney fees under the lease, (2) the fees awarded were excessive and unconscionable, and (3) the trial court abused its discretion by not adjudicating the nonsignatory issue in plaintiffs' motion for reconsideration. Plaintiffs waived these arguments by failing to raise them in their opening brief on appeal. (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10.)

## DISPOSITION

The order awarding defendant her attorney fees is affirmed.  Defendant shall recover her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST