Filed 4/14/22  Kleidman v. RFF Family Partnership CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PETER KLEIDMAN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> RFF FAMILY PARTNERSHIP, LP, <br><br> Defendant and Respondent. | B302449 <br><br> (Los Angeles County <br> Super. Ct. No. SC121303) |

APPEAL from postjudgment orders of the Superior Court of Los Angeles County, Elaine W. Mandel, Judge.  Affirmed.

Peter Kleidman, in pro. per., for Plaintiff and Appellant

Parcells Law Firm and Dayton B. Parcells III for Defendant and Respondent.

## INTRODUCTION

Plaintiff Peter Kleidman, in propria persona, appeals from the trial court's order awarding defendant RFF Family Partnership, LP

attorney fees incurred postjudgment and on appeal pursuant to Civil Code section 1717. Plaintiff also challenges the court's issuance of a protective order that defendant need not respond to plaintiff's discovery request. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This court previously addressed the merits of this case in *Kleidman v. RFF Family Partnership, LP* (July 10, 2018, B268541). As explained in our prior opinion, plaintiff sued defendant (and others) for, among other claims, breach of contract, alleging that he had been overcharged interest, fees, and other expenses in connection with numerous loans. The loan agreement between defendant and plaintiff had a clause awarding attorney fees to the prevailing party. He failed to appear at trial and judgment was entered against him. In the prior appeal, we affirmed the judgment, affirmed the postjudgment order denying plaintiff's motions to set aside the judgment and for a new trial, and affirmed the postjudgment order awarding attorney fees to defendant. After remittitur issued, defendant filed a motion in the trial court for additional attorney fees incurred postjudgment and on appeal. Defendant also filed a motion for protective order related to discovery propounded by plaintiff. The trial court granted defendant's motions. The court awarded defendant $38,572.50 in attorney fees and issued an order that defendant need not respond to plaintiff's belated discovery request. This appeal followed.

2

# DISCUSSION

A. *Motion for Attorney Fees*

Plaintiff contends the trial court erred in awarding attorney fees to defendant and that the amount awarded was unreasonable. We disagree.

As noted, this Court previously affirmed the underlying judgment and postjudgment orders in favor of defendant. (*Kleidman v. RFF Family Partnership, LP* (July 10, 2018, B268541).) In pertinent part, we concluded that defendant was the prevailing party, as it obtained a judgment relieving it of liability on plaintiff's contract claims. Thus, defendant was the prevailing party in the trial court and on appeal. (*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1150; see Code Civ. Proc., § 1032.) A prevailing party is entitled to recover costs in any action or proceeding, "[e]xcept as otherwise expressly provided by statute." (Code Civ. Proc., § 1032, subd. (b).) "These costs, however, do not include the attorney fees the prevailing party has incurred in the litigation unless (1) an agreement between the parties provides for the recovery of those fees, or (2) a statute creates a right of recovery." (*Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 923; see Code Civ. Proc., §§ 1021, 1033.5, subd. (a).)

Here, defendant sought attorney fees pursuant to Civil Code section 1717, which provides generally that, "[i]n any action on a contract" with an attorney fees provision, the party "prevailing on the contract" shall be entitled to reasonable attorney fees in addition to other costs. (Civ. Code, § 1717, subd. (a).) In our prior opinion, we

3

determined that the fee provision in the parties' loan agreement provided for recovery of attorney fees to the prevailing party pursuant to Civil Code section 1717. Therefore, we conclude the trial court did not abuse its discretion in finding defendant was the prevailing party and awarding defendant attorney fees incurred postjudgment and on appeal.[1] (See *Roden v. AmerisourceBergen Corp.* (2007) 155 Cal.App.4th 1548, 1578.)

Defendant submitted to the trial court the declaration of its lead attorney (Dayton B. Parcells III) and a summary of the invoices sent to, and paid by, defendant to support its request for attorney fees. In the declaration, Parcells averred that his and his associates' rates were the prevailing rates for similar work by attorneys with comparable experience in Los Angeles County. He further stated that the total number of hours spent postjudgment (specifically, responding to plaintiff's motions for new trial) and on appeal was 77.85, at the hourly billing rates of $600 (for Parcells) and $350 (for his associates). This

---

[1] During the pendency of the prior appeal, plaintiff filed a motion for the correction of a clerical error in the judgment. The trial court had granted defendant's motion to compel arbitration, in part, as to plaintiff's conversion cause of action only. This cause of action was "ordered stayed pending further order of the Court after resolution of Plaintiff's five other claims against Defendant." Because the judgment inadvertently disposed of the entire action against defendant, the court granted plaintiff's motion, and corrected the judgment by interlineation to reflect that the conversion cause of action was still pending arbitration. However, plaintiff subsequently dismissed the conversion cause of action with prejudice in exchange for defendant waiving all requests for costs and fees in connection with this claim. Therefore, to the extent plaintiff challenges this court's determination that defendant was the prevailing party, it is moot given plaintiff's dismissal of this remaining claim with prejudice.

declaration alone was sufficient to support the fee award. (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698 ["[i]t is well established that 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent'"]; *Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375; *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 512 [attorney declarations attesting to hours worked and hourly rates sufficient to support fee award]; *Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1586–1587.) By granting the fees largely as requested,[2] the trial court impliedly found the request credible and reasonable. Plaintiff's various contentions challenging the reasonableness of the attorney fees award would require us reweigh the evidence, something we decline to do. (*G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 620 ["'We may not reweigh on appeal a trial court's assessment of an attorney's declaration'"].) Given the broad discretion vested in the trial court when determining an attorney fee award, we find no abuse of that discretion. (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.)

---

[2]     The trial court agreed with plaintiff's challenge that 2.5 hours requested by defendant for correcting pagination of a brief was excessive and therefore subtracted the value of 2.5 hours ($1,500) from defendant's total award.

5

B. *Motion for Protective Order*

On appeal, plaintiff also challenges the trial court's granting of defendant's motion for protective order. The challenge is meritless.

More than three years after the discovery cut-off (March 21, 2015) and after remittitur was issued in the subsequent appeal, plaintiff propounded a request for production of documents on November 26, 2018. After failed meet and confer efforts with plaintiff, defendant filed a motion for a protective order prohibiting discovery based, in part, on the lateness of the request. We conclude the trial court did not abuse its discretion in granting the motion. (See Code Civ. Proc., § 2024.020, subd. (a) [generally, a party is "entitled as a matter of right to complete discovery proceedings on or before the 30th day . . . before the date initially set for the trial of the action"].) Plaintiff has failed to put forth any persuasive authority to permit discovery beyond the discovery cut-off in this case.

## DISPOSITION

The postjudgment orders are affirmed. Defendant shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.                    CURREY, J.

6