Filed 12/24/25  Kruschen v. Annandale Townhouse Assn. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DOUGLAS KRUSCHEN, | B337889 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23VECV05191) |
| v. | |
| ANNANDALE TOWNHOUSE ASSOCIATION, INC, et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric P. Harmon, Judge.  Affirmed.

Kulik Gottesman Siegel & Ware, Leonard Siegel, Thomas M. Ware II, Mitchell S. Brachman and Elmira Tofanyan for Defendants and Appellants.

Myers Widders, Gibson, Jones & Feingold and James E. Perero for Plaintiff and Respondent.

———————————————

Defendant and appellant Annandale Townhouse Association, Inc., appeals from a judgment entered in favor of plaintiff and respondent Douglas Kruschen in this action arising out of a homeowners' association election. The trial court found the October 2023 election for the board of directors was invalid because the inspector of elections accepted, commingled, and counted 50 ballots after the polls were closed. On appeal, Annandale contends the judgment is moot because a new election has been held. In addition, Annandale contends the election rules allowed the inspector of elections to accept the disputed ballots, and there is no substantial evidence to support the trial court's finding that the inspector of elections closed the polls prior to accepting the disputed ballots. We conclude the matter is not moot because litigation is pending over the validity of the latest election, and the evidence showed the deadline to return ballots by mail had passed and the inspector of elections closed the polls prior to receipt of the disputed ballots. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    October 2023 Election

Annandale is a nonprofit mutual benefit corporation operating the Annandale Townhouse common interest development (the development). Kruschen owns a condominium in the development, and he was elected to the board of directors for a term that began in 2020.

Annandale hired Correct Elect, LLC, to conduct an election of directors in October 2023. Correct Elect's inspector of elections is Michelle Kelly. Annandale's election rules allow members to

2

return ballots by mail, by hand delivery at the meeting, or by completing a ballot at the meeting. Ballots are deemed to be cast when delivered or mailed, except that only ballots delivered to the inspector of elections prior to the polls closing can be counted.

A general notice of election meeting was sent to members stating that mailed ballots must be received by the inspector of elections no later than noon on October 16, 2023, which was the day before the election meeting. Under the election rules, any ballot not received by the stated deadline could not be counted, except that the board of directors could extend the deadline to return ballots, with or without notice to members. Kruschen was one of eight candidates on the ballot for five open director positions.

The threshold for a quorum at the October 17, 2023 meeting was 149 ballots, representing 51 percent of the owners' votes. If no quorum is reached at an owner's meeting, Annandale's bylaws provide that the owners present may adjourn the meeting to a new time, within 2 to 30 days, at which a quorum is reached by having 33 1/3 percent of the owners present.

Several people attended in person to return their ballots. After allowing time for people to complete and return their ballots, Kelly announced that no further ballots would be accepted. 131 ballots were received, which was not enough to establish a quorum at the meeting, but would be sufficient to establish a quorum at a reconvened meeting.

It is undisputed that at the October 17, 2023 meeting, Kelly announced no further ballots would be accepted, a quorum had not been achieved, and the members could adjourn and reconvene to a subsequent date to obtain a quorum. At trial, Annandale

board member Jennfer Campbell testified that Kelly announced she would not be accepting any further ballots because sufficient ballots were received to meet the threshold for a second attempt. Kelly testified that she announced no further ballots would be accepted so that she could determine whether a quorum had been achieved, but she always intended to allow additional votes to be received because she believed the purpose of a second attempt was to generate more ballots to achieve a quorum.

A member present at the meeting moved to adjourn and reconvene the meeting by teleconference on October 19, 2023, which was seconded and passed unanimously. On October 19, 2023, Kelly retrieved 50 additional ballots from the post office box and commingled the untimely ballots with the timely ballots. The annual meeting was reconvened. After including the additional ballots received by mail, but without collecting any additional ballots at the reconvened meeting, Kelly concluded a quorum was achieved and she counted the ballots. Kruschen was not re-elected.

## B.    Complaint

On November 20, 2023, Kruschen filed a complaint against Annandale and five individual defendants seeking declaratory relief under Corporations Code section 7616 and Civil Code section 5145. He sought a declaration that: (1) the 2023 election was invalid and the results were void; (2) the five individual defendants did not comprise the board of directors, were not authorized to act for Annandale, and were prohibited from purporting to conduct business for Annandale; (3) the defendants must cause all Annandale records and funds in their possession

4

to be delivered to Annandale's management company; (4) Kruschen, Campbell, Mohammad Danesh, and William Springer comprised the board of directors until successors were appointed or elected; (5) pursuant to a stipulated settlement, Steven Gittleman was not a director and was not authorized to act on behalf of Annandale; (6) Annandale must engage a new inspector of elections and hold a new election in compliance with applicable laws and regulations; (7) the inspector of elections must contact all candidates nominated by another person to confirm their consent to be nominated; (8) the inspector of elections must tabulate ballots in public at an open meeting of the members; (9) each elected director serves a term of three years pursuant to applicable law and the corporate bylaws; and (10) the defendants shall pursue damages claims against Correct Elect. In addition, Kruschen sought civil penalties and an award of attorney fees and costs.

In Kruschen's trial brief, he argued that Annandale violated its election rules by failing to: properly distribute election materials, seek consent of hundreds of candidates that Kruschen nominated, enforce candidate qualifications, facilitate member contact, set forth the correct terms for the directors on the ballots, provide access to election rules, comply with annual meeting notice requirements, handle proxies properly, conduct an authorized meeting to count ballots, reject additional ballots after polls closed, or provide proper notice of the election results.

After three days of hearings in February 2024, the trial court issued its ruling on March 20, 2024. The court found the inspector of elections closed the polls on October 17, 2023, and announced a quorum had not been met. The members present adjourned the meeting for 48 hours pursuant to the amended

5

bylaws. The inspector of elections collected 50 additional ballots from her post office box before October 19, 2023. A teleconference meeting was conducted on October 19, 2023, but the polls were not reopened because a quorum had been established at the reduced threshold for a quorum at a reconvened meeting. The inspector of elections tallied the votes, including the votes received after the polls closed, as follows: 165 votes for Victor Martinez; 155 votes for Jeff Atkinson; 139 votes for Anthony Wagner; 134 votes for Scott Perl; 118 votes for James Grossman; 56 votes for Kruschen; 50 votes for Campbell; and 28 votes for Batel Abukasis.

The trial court found there was non-compliance with election rules as Kruschen described, but the non-compliance was de minimis and did not affect the results of the election, with one exception. With respect to the allegation that ballots were accepted after the polls closed in violation of the election rules, the trial court found the inspector of elections improperly counted 50 ballots received after the polls closed. The only mailed ballots that the inspector should have counted were ones received by noon on October 16, 2023, which was the day before the original election meeting. And only the ballots in the inspector's possession by the close of the polls at the meeting on October 17, 2023, if deemed valid, should have been counted. There was no evidence that Annandale's board of directors had authorized any extension of the deadline after the polls were closed.

The ballots received both before and after the close of the polls were commingled, and there was no way to establish which ballots were collected after the polls closed. The fifth and sixth place candidates were separated by more than 50 votes from the candidates receiving the most votes, but a member could cast five

6

votes on a ballot, including five votes for the same person. Annandale had therefore not shown that noncompliance did not affect the results of the election.

The trial court declared pursuant to Corporations Code section 7616 that the October 2023 election of the board of directors was invalid. The court noted Corporations Code section 7616 authorizes the court to determine the person entitled to the office of director, in conformity with the articles and bylaws to the extent feasible. Under the bylaws, directors hold their offices until successors are elected and hold their first meeting. Because the October 2023 election was voided, no successful election for the disputed board seats had been held and the prior board members continued to hold the seats at issue until the time described in the bylaws. The court ordered the prior board of directors reseated and directed Annandale to conduct a new election consistent with the timeframes provided in the governing documents.

The trial court declined to assess civil penalties, because noncompliance was not intentional, reckless, or the result of willful misconduct. The court would determine the amount of attorney fees to be awarded through a separate motion.

The trial court entered judgment on March 26, 2024, in favor of Kruschen and against Annandale and the five individual defendants as follows: (1) the 2023 election was invalid and void; (2) the five individual defendants Martinez, Wagner, Grossman, Perl, and Atkinson, do not comprise the board of directors and are not authorized to act for Annandale; (3) the individual defendants must cause all Annandale records and funds in their possession to be delivered to Annandale's management company; (4) Kruschen, Campbell, Danesh, and Springer comprise the

board of directors until successors are appointed or elected; (5) Annandale must engage a new inspector of elections and hold a new director election in compliance with applicable laws and governing documents; and (6) Kruschen is the prevailing party for an award of attorney fees and costs in amounts to be determined.

Annandale filed a timely notice of appeal from the judgment. On September 3, 2024, the trial court entered a post-judgment order awarding attorney fees of $52,070 and costs of $60 to Kruschen as against Annandale, which is not at issue in this appeal.

## DISCUSSION

### A.    Mootness

As a preliminary concern, Annandale contends this matter is moot because a new election has been held and new directors elected. In support of this contention, Annandale filed a motion to augment the appellate record on April 4, 2025, with a declaration by Martinez that Annandale held a special meeting on September 24, 2024, to elect a new board of directors, which was adjourned to September 26, 2024, on which date a quorum was achieved and votes counted electing Martinez, Wagner, Grossman, Perl, and Frank Grieco, Jr. to Annandale's board of directors.

In response, Kruschen filed a motion with this appellate court on April 18, 2025, requesting judicial notice of the verified complaint that he filed on February 20, 2025, against Annandale, Martinez, Wagner, Grossman, Perl, and Greico, seeking to have

8

the September 2024 election declared invalid and void. The motions filed with this court on April 4 and 18, 2025, are granted for the purpose of determining the issue of mootness.

"It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed. We will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal. [Citation.] This rule has regularly been applied when injunctive relief is sought but, pending appeal, the act sought to be enjoined has been performed. [Citation.]" (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557.)

In the judgment in the instant case, the trial court declared the October 2023 election invalid and ordered former directors reinstated. Although a new election has been conducted as required by the judgment, Kruschen has challenged the validity of the September 2024 election. If the pending litigation establishes the September 2024 election was invalid, the authority of Annandale's former directors to act will continue to depend on the issues resolved by the March 26, 2024 judgment. The issues addressed in the current matter are not moot.

As a result, we need not consider whether the issues are additionally not moot because the award of attorney fees depends on the propriety of the ruling. (Cf. *Save Our Residential Environment v. City of West Hollywood* (1992) 9 Cal.App.4th 1745, 1750–1751 [appeal not moot after city complied with writ because judgment included award of attorney fees under Code Civ. Proc. § 1021.5 that depended on propriety of trial court's ruling on merits]; *Mapstead v. Anchundo* (1998) 63 Cal.App.4th

9

246, 277–279 [appeal from judgment dismissed as moot after election, but sufficiency of petition signatures reviewed in connection with appeal from attorney fee order]; *Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364-365 [review of declaratory relief not moot because ruling determined propriety of attorney fee award]; *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 868 [appeal of ruling on merits dismissed as moot after compliance with writ of mandate, attorney fee award affirmed].)

## B.    Ballots Received After October 17, 2023

Annandale contends there is no substantial evidence to support the trial court's finding that the inspector of elections closed the polls on October 17, 2023.  This is incorrect.

"When an appellant contends there is insufficient evidence to support a finding of fact, we apply the substantial evidence standard of review.  [Citation.]  Under that standard of review, 'the power of an appellate court begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact.'  [Citation.]  In so doing, we accept all evidence that supports the judgment, disregard contrary evidence, and draw all reasonable inferences to uphold the judgment.  [Citation.]  'It is not our role to reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony, and we will not disturb the judgment if there is evidence to support it.' [Citation.]"  (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173.)

10

Section (2)(d)(i) of Annandale's election rules states that only ballots delivered to the inspector of elections prior to the close of the polls shall be counted. The election notice sent to members stated that mailed ballots had to be received by the inspector of elections no later than noon on October 16, 2023.

Kelly closed the polls on October 17, 2023, when she announced that no further ballots would be accepted. The evidence that Kelly closed the polls was Campbell's testimony that she announced no further ballots would be received but that sufficient ballots were received for a quorum at a reconvened meeting. Kelly also admitted that she extended the time to cast votes longer than usual at the meeting on October 17, 2023, but eventually had to announce that no further ballots would be accepted in order to determine whether there was a quorum. This evidence, and the reasonable inferences from the evidence, support the trial court's express finding that the polls closed on October 17, 2023.

Annandale asserts that the election rules do not prohibit the inspector of elections from accepting additional ballots after an adjourned meeting and before a reconvened meeting. This, however, is an incomplete statement of the rules. The election rules prohibit counting any ballot that is not received by the stated deadline, which for mailed ballots was October 16, 2023, in this case. Once a stated deadline passes and the polls close, the board of directors can extend the deadline to return ballots, but it was undisputed at the hearing before the trial court that the board of directors took no action to extend the time for members to return ballots. Therefore, mailed ballots received after the stated deadline of October 16, 2023, and after Kelly announced that no further ballots would be accepted, could not be counted.

Annandale notes provisions of Civil Code section 5115 authorize reconvened meetings based on a lower threshold for a quorum, but these provisions do not require the inspector of elections to receive additional ballots or provide for an extension of voting to receive additional ballots. The board of directors could have extended the period for voting, but did not.

The case law relied on by Annandale, *Lake Lindero Homeowners Assn., Inc. v. Barone* (2023) 89 Cal.App.5th 834, 840–841 (*Lake Lindero*), is distinguishable. The facts of *Lake Lindero* reflect that the inspector of elections received additional votes after the initial election meeting was adjourned and before the meeting reconvened, but the parties in that case did not dispute the validity of the votes received after the initial meeting. (*Id.* at pp. 840–841, 845–846, & fn. 6.) There was no issue in *Lake Lindero* about whether the election notice to members contained a deadline to return ballots, or whether the polls were closed at the initial meeting and no action was taken to extend the voting. "[C]ases are not authority for propositions not considered." (*Tinsley v. Superior Court* (1983) 150 Cal.App.3d 90, 102.)

## C. Indispensable Parties

Annandale contends the former directors had to be joined as necessary parties for the trial court to order directors from Annandale's 2022 board of directors reinstated until successors are properly elected. We find no abuse of discretion.

Code of Civil Procedure section 389, subdivision (a) provides that a person who may be properly joined as a party in an action "shall" be so joined in certain circumstances: "if (1) in

12

his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." (Code Civ. Proc., § 389, subd. (a).) "A person meeting these requirements is often referred to as a 'necessary party.' " (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 296 (*American Indian Model Schools*).) If a person who qualifies as a necessary party "cannot be made a party" to the action, the court must determine under Code of Civil Procedure section 389, subdivision (b) whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable."

"Determining whether a nonparty ' " 'is necessary and/or indispensable is a matter of trial court discretion in which the court weighs "factors of practical realities and other considerations." ' [Citation.] 'A court has the power to proceed with a case even if indispensable parties are not joined. Courts must be careful to avoid converting a discretionary power or rule of fairness into an arbitrary and burdensome requirement that may thwart rather than further justice.' " ' [Citations.] If the trial court commits a prejudicial abuse of discretion in deciding a case in the absence of an indispensable party, the judgment is properly reversed on appeal. [Citation.]" (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 301–302.)

The trial court in this case did not abuse its discretion by proceeding without requiring the joinder of former directors. By law, the directors on Annandale's board of directors hold office until the expiration of their terms and the election and qualification of a successor. (Corp. Code, § 7220, subd. (b).) The judgment in this case simply sets forth the circumstances resulting from invalidation of the October 2023 election. If the former directors are unwilling or unable to resume their duties before their successors are validly elected, the remaining directors may address vacancies as provided by law and the governing documents. But Annandale does not claim any former director required to serve because of the invalidation of the October 2023 election has objected, and no former director has sought to intervene in this case on the ground that person is an indispensable party. In fact, Annandale contends the entire matter is moot. No abuse of discretion has been shown.

## D.    Attorney Fees for Services on Appeal

In a single paragraph in the respondent's brief, Kruschen requests this appellate court confirm that he is entitled to an award of attorney fees on appeal because statutes that authorize attorney fee awards include services on appeal. (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 637; *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 250.) As the prevailing party on appeal, Kruschen may file a motion in the trial court for attorney fees on appeal pursuant to California Rules of Court, rule 3.1702(c), and Civil Code section 5145. (See *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 924 ["trial courts retain discretion to award attorney fees incurred on appeal

to the eventual prevailing party"]; *Nicole G. v. Braithwaite* (2020) 49 Cal.App.5th 990, 1001.)

## DISPOSITION

The judgment is affirmed.  Respondent Douglas Kruschen is awarded his costs on appeal.

NOT TO BE PUBLISHED.


                                                        MOOR, J.

I CONCUR:


        KIM (D.), J.


15

Douglas Kruschen v. Annandale Townhouse Association Inc. et al.
B337889


BAKER, Acting P. J., Dissenting


Today's opinion for the court injects needless complexity into the relationship between a homeowners association and one of its members that has become quite litigious. As the majority explains, another board of directors election has been held to comply with the trial court's judgment at issue in this appeal. This intervening election makes the October 2023 election irrelevant and this appeal moot. The majority reasons otherwise only because plaintiff and respondent has filed yet another lawsuit challenging the most recent election too, and *if* he were to prevail in that suit, then the result in this appeal might matter for some interim period once more. That sort of speculative relevance is not enough; we do not decide "what if" appeals. Instead, we should have stayed this appeal pending resolution of the most recent homeowners association electoral dispute.


BAKER, Acting P. J.